NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHN DURAND, a minor by his Guardian as [sic] Litem, DENISE DURAND and DENISE DURAND, Individually, | : : : : |
| Plaintiffs, | : Civil Action No. 05-4348 (JAG) : |
| v. | : OPINION : |
| KOLCRAFT, a company duly licensed to do business in the State of New Jersey, et al, | : : : : |
| Defendants. | : : |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion for summary judgment filed by Defendant ScooterBug, Inc. ("ScooterBug" or "Defendant"). For the reasons set forth below, this Court grants Defendant's motion. In addition, this Court dismisses the Amended Complaint based on Plaintiffs' inability to maintain a cause of action against fictitiously-named parties.

### I. BACKGROUND

The parties do not appear to dispute the facts of this case.[1] On October 18, 2003, Plaintiff John Durand, Jr. ("John") and his parents, John Durand, Sr. ("John Sr.") and Denise Durand

---

[1] The parties did not submit a joint statement of uncontested facts, pursuant to D.N.J. CIV. R. 56.1. This Court will treat as admitted the facts submitted by moving party that remain uncontested by the nonmoving party. See Goodwin v. Martin, No. 06-2877, 2007 WL 3026679, at *2 (D.N.J. Oct. 12, 2007)

("Denise," and, collectively with John, "Plaintiffs") visited Hershey Park (the "Park"), located in Hershey, Pennsylvania. (Def. Br. 2.) Denise rented a double stroller from a booth located near the entrance to the Park. (Id.) According to Denise, neither she nor John Sr. noticed any problems with the stroller prior to the alleged accident. (Def. Br. 3.) John was placed inside of the stroller, which was big enough to carry two children, and pushed in the stroller in the direction of an amusement park ride. (Def. Br. 2-3.) John Sr. and Denise stopped in front of the amusement park ride, with John sitting in the stroller, while they determined their next destination within the Park. (Def. Br. 3.) Immediately after John Sr. began to push the stroller, John screamed. (Id.) Denise then looked at John and observed that John was holding his finger and crying. (Id.) Denise did not observe the cause of John's injury. (Def. Br. 4.)

Plaintiffs filed a complaint on June 29, 2005 in the Superior Court of New Jersey, Passaic County (the "Original Complaint"), and Hershey Entertainment and Resorts Corporation ("HERC") removed the action to this Court. Plaintiffs amended the complaint on July 27, 2006 to include ScooterBug as a party defendant (the "Amended Complaint").[2] The Amended Complaint raises claims against ScooterBug under New Jersey's Product Liability Act (the "PLA") and common law negligence theories, alleging defective product design and inadequate warning.

---

[2] The Original Complaint alleges claims against Kolcraft and HERC, in addition to unnamed individuals and corporations. (Notice of Removal Ex. 3.) On March 1, 2006, Hershey Entertainment and Resorts Corporation filed a third party complaint against ScooterBug, alleging that ScooterBug supplied HERC with the stroller that allegedly injured John's finger.

## II. ANALYSIS

**A.      Standard of Review**

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Twp., 772 F.2d 1103, 1109 (3d Cir. 1985). If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas.

& Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

**B.    ScooterBug's Motion for Summary Judgment**

In its brief in support of the motion for summary judgment, ScooterBug argues that Plaintiffs failed to set forth any evidence that may allow a trier of fact to conclude that the scooter manufactured by ScooterBug was the cause in fact of John's injury.[3] Causation is a

---

[3] Although both parties accepted without objection that Plaintiffs alleged a product liability claim under the PLA and a common law negligence theory, this Court notes that it must first examine what state's laws apply to this action before determining whether the law recognizes product liability claims based on design defect or inadequate warning. In diversity actions, district courts must apply the choice of law rules applicable in the state in which it sits. Woessner v. Air Liquide Inc., 242 F.3d 469, 471 (3d Cir. 2001) (applying New Jersey choice of law rules in product liability action). In tort suits such as the instant case, New Jersey no longer mechanically applies the law of the situs of the injury, but instead employs the governmental-interests test. Rowe v. Hoffman-La Roche, Inc., 917 A.2d 767, 771 (N.J. 2007). The governmental-interests test involves two steps. First, the court must determine whether a conflict exists between the laws of the interested states. Id. If a conflict exists, the court must then determine the interest that each state has in resolving the dispute. Id. Specifically, step two requires the court to "identify the governmental policies underlying the law of each state and determine whether those policies are affected by each state's contacts to the litigation and to the parties." Id.

requisite element of any product liability claim, whether founded upon a strict liability or a negligence theory.  See Coffman v. Keene Corp., 628 A.2d 710, 716 (N.J. 1993); Yun v. Ford Motor Co., 647 A.2d 841, 847 (N.J. Super. Ct. App. Div. 1994); Conti v. Ford Motor Co., 743 F.2d 195, 197 (3d Cir. 1984) (applying Pennsylvania law when stating that product liability claim requires proof of causation-in-fact); Colter v. Barber-Greene Co., 525 N.E.2d 1305, 1313 (Mass. 1988).

Causation-in-fact, an essential element of any tort claim based in strict liability or negligence, ensures that tortfeasors are held responsible for those actions that are a substantial factor in bringing about a plaintiff's injuries.  Dawson v. Bunker Hill Plaza Assoc., 673 A.2d 847, 855 (N.J. Super. Ct. App. Div. 1996).  However, Plaintiffs have failed to set forth any evidence showing that the stroller caused John's injury.  Denise admits in her deposition testimony that she did not witness nor discern from another source the cause of John's injury. (Denise Durand Dep. 30:14-21, Oct. 12, 2006.)  Although she stated that John may have grabbed the front or the side wheel with his hand, she later admitted that this statement amounts to mere speculation, and that she in fact has no knowledge as to whether John "was injured precisely from a rear wheel or front wheel or any other specific description." (Denise Durand Dep. 30: 3-21, Oct. 12, 2006.)  Thus, even assuming that ScooterBug distributed a stroller with a design defect or inadequate warnings, Plaintiffs have not shown that the stroller was a substantial factor

---

In this case, three states possibly hold an interest in applying its laws to resolve this action: New Jersey (the location where the Plaintiffs reside), Massachusetts (the state in which AcooterBug is incorporated and has its principal place of business) and Pennsylvania (the state in which the alleged injury occurred). This Court need not proceed through steps one and two of the governmental-interest analysis, however, because Plaintiffs fail to set forth any evidence showing that the stroller was the cause-in-fact of John's injury.

in bringing about John's injury.

The expert opinion provided by Louis E. Howarth, P.E. likewise fails to satisfy the requisite causation element of Plaintiffs' product liability claim. Howarth's letter begins by stating that "the infant, John, got his left ring finger entrapped in the opening of the rear spoked wheel." (Def. Br. Ex. C at 1.) However, Howarth provides no basis for this statement. He neither witnessed nor received information from Plaintiffs regarding the cause of John's injury. Howarth's statement makes a factual conclusion that is unsupported by Plaintiffs' (or anyone else's) observations, and thus cannot be accepted as a reasonable basis for this Court finding that a stroller manufactured by ScooterBug caused John's injury. See Snell v. Bostrom Prod. Co., 2005 WL 2654303, at *6 (N.J. Super. Ct. App. Div. Oct. 19, 2005) (declining to admit into evidence an expert opinion premised upon facts which do not exist in the record). Plaintiffs have not set forth sufficient evidence to allow a trier of fact to find that they fulfilled the causation element of their product liability and negligence[4] claims, judgment must be entered in favor of

---

[4] Plaintiff's negligence claims against Scooterbug also fail because the PLA, codified at N.J. STAT. ANN. § 2A:58C-1 et seq., provides the exclusive remedy for all personal injury claims arising out of the use of a product. Koruba v. Amer. Honda Motor Co., No. A-5953-05T5, 2007 WL 4051901, at *7 (N.J. Super. Ct. App. Div. Oct. 25, 2007). Plaintiffs may not initiate a negligence claim for personal injuries caused by a defective product or a product's inadequate warning. Id.; Tirrell v. Navistar Int'l, Inc., 591 A.2d 643, 647 (N.J. Super. Ct. App. Div. 1991). Instead, plaintiffs may only bring product liability claims under N.J. Stat. Ann. § 2A:58C-2, which states:

> A manufacturer or seller of a product shall be liable in a product liability action only if the claimant proves by a preponderance of the evidence that the product causing the harm was not reasonably fit, suitable or safe for its intended purpose because it: a. deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or b. failed to contain adequate warnings or instructions, or c. was designed in a defective manner.

ScooterBug.

Now, the only remaining defendants in this Action are unnamed defendants.[5]  An action cannot be maintained against fictitious defendants.  See Hindes v. F.D.I.C., 137 F.3d 148, 155-56 (3d Cir. 1998) ("The case law is clear that . . . an action cannot be maintained solely against Doe defendants."); Breslin v. City & County of Phila., 92 F.R.D. 764, 765 (E.D. Pa. 1981) (dismissing claims against three named defendants based on unavailability of respondeat superior liability under 42 U.S.C. § 1983, and dismissing complaint as a whole because remaining parties given fictitious names).  Plaintiffs cannot maintain an action solely against John Doe/Jane Doe 1-10 and ABC/XYZ 1-10; therefore, the Amended Complaint shall be dismissed.

---

To the extent that the Amended Complaint couches any of its product liability allegations against ScooterBug in a negligence claim, the PLA eliminates the legal basis for this negligence claim. See Canty v. Ever-Last Supply Co., 685 A.2d 1365, 1371 (N.J. Super. Ct. L. Div. 1996).

[5]  All claims against HERC and Kolcraft were voluntarily dismissed by Plaintiffs.

### III.  CONCLUSION

For the reasons set forth above, ScooterBug's motion for summary judgment shall be granted.  Plaintiffs have not set forth evidence to fulfill the requisite causation element in their product liability and negligence claims because Plaintiffs have not shown that ScooterBug's stroller caused the injury John sustained to his finger.  Furthermore, because Plaintiffs cannot maintain an action against fictitious persons and entities, the Amended Complaint shall be dismissed.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: December 14, 2007